## CONVERSE v. STEWART.

### (Circuit Court, S. D. New York. November 28, 1911.)

1. JUDGMENT (§ 828*)—FOREIGN JUDGMENT—RES JUDICATA—FORMER DECISION.

A judgment in a receiver's suit that defendant was not a stockholder of the insolvent corporation, affirmed by the state court of last resort, is res judicata, and terminates the controversy, so as to preclude a subsequent trial of the same issue in a suit between the same parties in the federal court.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1508;. Dec. Dig. § 828.*

Conclusiveness of judgment as between federal and state courts, see notes to Kansas City, Ft. S. & M. R. Co. v. Morgan, 21 C. C. A. 478; Union & Planters' Bank v. City of Memphis, 49 C. C. A. 468.]

2. JUDGMENT (§ 828*)—VALIDITY—JURISDICTION.

Where a state court had jurisdiction of the parties and subject-matter, a judgment rendered and affirmed by the highest court of appeal was not void for want of jurisdiction, because it was based on an improper ground.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 828.*]

At Law. Action by Theodore R. Converse, as receiver, against John A. Stewart. Verdict directed for defendant.

Wilson & Wallis (William G. Wilson, of counsel), for plaintiff.

Stewart & Shearer (Edward W. Sheldon and William A. W. Stewart, of counsel), for defendant.

HOLT, District Judge. [1] I think that the judgment, entered on the second trial of the action between these parties, in the New York Supreme Court, as affirmed by the Appellate Division (117 App. Div. 922, 102 N. Y. Supp. 1133) and the New York Court of Appeals (192 N. Y. 578, 85 N. E. 1107) is res adjudicata in this case. The claim that the judgment of the Court of Appeals was void for want of jurisdiction, because the memorandum handed down stated that the judgment was affirmed on the ground that the proof failed to establish that the defendant was a stockholder, although the record did not contain the evidence, and the court had no power to reverse on questions of fact, seems to me untenable. In the first place, I think the word "proof," as used, meant the referee's findings, which stated in detail the facts proved, and that the court held, upon such facts, as a matter of law, that the defendant was not a stockholder in such a sense as made him liable in the action.

[2] But if it were permissible to assume, as claimed by the plaintiff's counsel, that the Court of Appeals decided the case on a ground on which it had no authority to decide it, that would not, in my opinion, make its decision without jurisdiction. It had jurisdiction of the parties and of the subject-matter. It had jurisdiction to affirm the judgment, or to reverse it. It affirmed it. If it affirmed it on an unauthorized ground, the law provides no remedy, except an appeal to

the United States Supreme Court. That was taken, and the appeal dismissed. In my opinion, that ended the litigation.

The word "jurisdiction" has various meanings in actual use, which, it seems to me, give rise to much fallacious reasoning. If a court renders a judgment which it has no power to render, the judgment is undoubtedly void. If a court should order that a bystander, guilty of contempt, should be put to death, or, in an action to recover $1,000, should order judgment for $10,000, such judgments, I assume, would be absolutely void. But when a court renders a judgment which it has authority to render, the fact that the announced ground of its decision is one on which it has no right to make it does not, as I understand it, make its judgment void for want of jurisdiction. So long as there is an appellate court to which the cause can be taken, such a judgment may be corrected; but, if such a judgment is entered by a court of last appeal, the party complaining is without remedy. "Causa finita est."

A verdict is directed for the defendant, with costs.